**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JI HUI CAO, | No. 11-73621 |
| Petitioner, | Agency No. A088-465-503 |
| v. | |
| ERIC H. HOLDER JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2013[**]
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

Ji Hui Cao ("Cao"), a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum and

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010), and deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on inconsistencies between Cao's testimony and his brother's testimony regarding the circumstances of Cao's wife's forced sterilization. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under totality of the circumstances). Because it is not the case that "any reasonable adjudicator would be compelled to conclude" that Cao is credible, 8 U.S.C. § 1252(b)(4)(B), we uphold the agency's adverse credibility determination. In the absence of credible testimony, Cao's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION DENIED.**